# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Jeremy Shay Sweat, #326997, | ) |
|               Petitioner, | ) Civil Action No.: 2:16-cv-02695-JMC |
| v. | ) **ORDER** |
| Warden Broad River Correctional Institution, | ) |
|               Respondent. | ) |

On July 28, 2016, Petitioner Jeremy Shay Sweat ("Petitioner") filed this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") alleging police coercion that resulted in incriminating statements, ineffective assistance of plea counsel, and ineffective assistance of appellant counsel. (ECF No. 1.) This matter is before the court on Respondent's Motion for Summary Judgment (ECF No. 19).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial handling. On July 10, 2017, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the court grant Respondent's Motion for Summary Judgment and deny the Petition. (ECF No. 41.) This review considers Petitioner's Response to Respondent's Motion for Summary Judgment (ECF No. 25), Petitioner's objection to the Magistrate Judge's Report ("Objections") (ECF No. 70), Reply to Petitioner's Objections to the Report (ECF No. 44), and Petitioner's Supplement to his Objections (ECF No. 45). For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 41). The court thereby **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 19) and **DENIES** Petitioner's Petition (ECF No. 1).

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

The facts viewed in the light most favorable to the Petitioner are discussed in the Report. (*See* ECF No. 41.) The court concludes, upon its own careful review of the record, that the magistrate judge's factual summation is accurate and incorporates it by reference. The court will only recite herein facts pertinent to the analysis of Petitioner's Objections.

Petitioner is incarcerated at Broad River Correctional Institution in the South Carolina Department of Corrections ("SCDC"). (ECF No. 1.) On October 4, 2007, a Grand Jury in Clarendon County, South Carolina indicted Petitioner for criminal sexual conduct in the first degree, criminal sexual conduct, assault and battery with intent to kill, and two counts of kidnapping. (ECF No. 18-2 at 19-21.) Petitioner was represented by Harry Devoe, Esquire. (ECF No. 18-1 at 3.) On March 10, 2008, Petitioner pled guilty to all five charges before the Honorable George C. James, Jr.; there was a recommended cap of forty years. (ECF No. 18-1 at 32-37.) As to indictment number 2007-GS-14-0364, Judge James sentenced Petitioner to thirty years for kidnapping, thirty years for criminal sexual conduct in the first degree, and twenty years for assault and battery with intent to kill. (ECF No. 18-1 at 47-48.) A colloquy between Judge James and Petitioner during sentencing appears to reflect that at least one of these sentences runs consecutively to other convictions as to this indictment. (*Id.*) As to indictment number 2007-GS-14-0363, Petitioner was sentenced to thirty years for kidnapping and thirty years for criminal sexual conduct in the first degree to be served concurrently. (*Id.*)

Following Petitioner's sentence, Mr. Devoe requested that since Judge James did not consent to the recommended cap that he should vacate Petitioner's guilty plea and allow him to proceed to trial. (ECF No. 18-1 at 49.) However, Judge James denied this request. (*Id.* at 48-49.) On March 19, 2008, Petitioner filed a Motion for Reconsideration, requesting that Judge James

2

"reconsider his sentence and reduce said sentence to the offered forty year cap." (*Id*. at 51-52.) In October 2008, Judge James denied Petitioner's Motion for Reconsideration. (*Id.* at 54-55.)

Petitioner, through Attorney Devoe, filed a Notice of Appeal on April 7, 2009. (ECF No. 18-3.) However, on June 10, 2009, the appeal was dismissed and his case was remitted to the lower court on July 6, 2009. (ECF No. 18-1 at 56-57.)

On February 10, 2010, Petitioner filed a *pro se* Application for Post-Conviction Relief ("PCR"). (ECF No. 18-1 at 58-70.) On March 20, 2012, through Attorney Christina Dixon Parnall, Petitioner filed an Amended Application for Post-Conviction Relief, in which he asserted counsel was ineffective, and his guilty pleas were involuntary. (*Id*. at 78-80.) On March 22, 2012, a PCR evidentiary hearing was held before the Honorable W. Jeffrey Young. (*Id.* at 79-157.) Petitioner was represented by Christina Dixon Parnall, Esquire. (*Id.* at 81.) In an order dated on or about July 3, 2012, Judge Young denied Petitioner's Application for Post-Conviction relief and dismissed the petition. (*Id.* at 180); (ECF No. 18-2 at 1-7).

On November 5, 2012, Petitioner, through Attorney Parnall, filed a "Rule 59(e) SCRCP, Motion to Alter or Amend ("Rule 59(e) Motion"). (ECF No. 18-2 at 9-14.) In an order dated November 6, 2014, Judge Young denied his Rule 59(e) Motion. (*Id.* at 15.)

On June 26, 2015, Petitioner, through Attorney Laura R. Baer of the South Carolina Commission on Indigent Defense, filed a Petition for Writ of Certiorari. (ECF No. 18-5.) In an order dated June 16, 2016, the Supreme Court of South Carolina denied his Petition for Writ of Certiorari. (ECF No. 18-7) and remitted the matter to the lower court on July 5, 2016. (ECF No. 18-8.)

## II.  STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976).  This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections.  Fed. R. Civ. P. 72(b).  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  If the petitioner fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Petitioner is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  The court addresses those arguments that,

under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Procedural default may be excused if the Petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. In the alternative for showing cause and prejudice, a petitioner may attempt to demonstrate a miscarriage of justice, e.g., actual innocence, *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see also Schlup v. Delo*, 513 U.S. 298, 327 (1995), or abandonment by counsel. *See Maples v. Thomas*, 565 U.S. 266, 283 (2012) (inquiring "whether [the petitioner] ha[d] shown that his attorneys of record abandoned him, thereby supplying the extraordinary circumstances beyond his control, necessary to lift the state procedural bar to his federal petition" (internal quotation marks and citations omitted)).

### III. DISCUSSION

In Petitioner's Supplement to his Objections ("Supplement"), he states that his plea counsel informed him that he will be paroled if he "pled" but will receive a life sentence if he went to trial. (ECF No. 45 at 2.) The Magistrate Judge explained that the PCR court did not address Petitioner's claim that his plea counsel informed him that he would serve a life sentence if he proceeded to trial, but would be granted parole if he pled guilty. (ECF No. 18-1 at 178-86.) Furthermore, this claim was not raised in Petitioner's Rule 59(e) Motion. (*Id.* at 188-93.) As such, the court adopts

the recommendation of the Magistrate Judge that this claim is procedurally defaulted. (ECF No. 41 at 13.)

Petitioner contends in his Supplement that he requested to speak to an Attorney during an interrogation by Mr. Danny Hame but "he still kep [sic] saying that I did it even said that some one [sic] seen [sic] me and my co-defendant pick up the younger victim [sic] up and then he read me my rights after I told hime [sic] that I did it . . . ." (ECF No. 45 at 2.) Petitioner did not "fairly present" these claims to the state courts in a procedurally proper manner. In Petitioner's PCR application, Petitioner's claims are confusing and conclusory. However, it appears that Petitioner raises a claim of ineffective assistance of counsel under the Sixth Amendment based on counsel's failure to suppress his incriminating statements to a law enforcement official during an interrogation. (ECF No. 18-13 at 69, 70.) If a habeas petitioner fails to raise a claim on either direct appeal or in a state habeas petition, such claim is barred under state procedural rules. *Coleman*, 501 U.S. at 750. "This procedural bar 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim.'" *Welch v. Lund*, 616 F.3d 756, 760 (8th Cir. 2010) (citation omitted). To properly exhaust state remedies, the prisoner must have afforded the state courts the opportunity to rule upon the merits of his federal constitutional claims by "fairly presenting" them to the state courts in a procedurally appropriate manner. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). For a claim to be fairly presented in state court, petitioner must describe the operative facts and legal theories upon which his claim is based so that the state court had a "fair opportunity" to apply controlling law to the facts on Petitioner's constitutional claim. *Baldwin v. Reese*, 541 U.S. 27, 33 (2004). Petitioner's claims of coerced confession in the Supplement that were not fairly presented to the state courts are procedurally defaulted. Additionally, Petitioner failed to establish cause and

prejudice or a fundamental miscarriage of justice to overcome the procedural bar. Accordingly, the court finds that these claims are procedurally defaulted.

Furthermore, Petitioner's Objections lack the requisite specificity required by Federal Rule of Civil Procedure 72(b). In his Objections, Petitioner makes claims without any factual support. Petitioner contends that his PCR counsel informed the Judge that he "didn't do it" and his counsel directed the Judge to his transcript where his plea counsel pulled him to the side and informed him that he had to "confuse [sic] to something" and that he was escorted out of the court while his case was before the court. (ECF No. 43 at 2.) Similarly, Petitioner offers no objection to additional proposed findings and recommendations of the Magistrate Judge. The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. 636(b)(1)(C). Since Petitioner failed to properly object to the Report with specificity, the court does not need to conduct a *de novo* review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond,* 416 F.3d at 315.

## IV. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and the record in this case, the court **ACCEPTS** the Report and Recommendation of the Magistrate Judge (ECF No. 41). It is therefore ordered that Respondent's Motion for Summary Judgment (ECF No. 19) is **GRANTED** and Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DENIED**.

### Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.

7

> (c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

August 10, 2017
Columbia, South Carolina